| | |
|---|---|
| **STEPHEN CAHILL**, et al., individually and on  behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**MEMORIAL  HEART  INSTITUTE, LLC d/b/a  THE  CHATTANOOGA  HEART INSTITUTE,**<br>Defendant. | No. 1:23-cv-00168-CLC-CHS<br><br>**HON. CURTIS COLLIER** |

## <u>DEFENDANT MEMORIAL HEART INSTITUTE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO  PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT</u>

### <u>INTRODUCTION</u>

Defendant Memorial Heart Institute, LLC d/b/a the Chattanooga Heart Institute ("CHI"), by and through the undersigned attorneys, hereby files its Answer and Affirmative Defenses to Plaintiffs' Consolidated Amended Complaint ("CAC") (ECF No. 24), as follows:

### <u>NATURE OF THE ACTION</u>

1. Answering paragraph 1, CHI admits Plaintiffs bring this action against CHI. CHI denies the remaining allegations of this paragraph.

2. Answering paragraph 2, CHI admits it is a healthcare network headquartered in Chattanooga, Tennessee.

3. Answering paragraph 3, CHI lacks knowledge or information sufficient to admit or deny the allegations, and therefore denies the allegations.

4. Answering paragraph 4, CHI admits to the allegations of this paragraph.

5. Answering paragraph 5, CHI lacks knowledge or information sufficient to admit or deny the allegations, and therefore denies the allegations.

6. Answering paragraph 6, CHI admits to the allegations of this paragraph.

7. Answering paragraph 7, CHI admits to the allegations of this paragraph.

8. Answering paragraph 8, this paragraph states a legal conclusion for which no response is required. To the extent that a response is required, CHI lacks knowledge or information sufficient to admit or deny the allegations.

9. Answering paragraph 9, CHI admits that on April 17, 2023, it became aware of technical issues related to systems in the CHI network. CHI admits it sent notices to potentially affected individuals on or about July 28, 2023. CHI admits it sent notice on or to additional potentially affected individuals on or about October 6, 2023. CHI denies the remaining allegations of this paragraph.

10. Answering paragraph 10, CHI admits to the information contained in this paragraph.

11. Answering paragraph 11, CHI denies the allegations of this paragraph.

12. Answering paragraph 12, CHI states that an unauthorized third party may have accessed or acquired some information related to patients or their guarantors. The information in the files may have included name, mailing address, email address, phone number, date of birth, driver's license number, Social Security number, account information, health insurance information, diagnosis/condition information, lab results, medications and other clinical, demographic or financial information. CHI denies the remaining allegations of this paragraph.

13. Answering paragraph 13, CHI states that an unauthorized third party may have accessed or acquired some patients' or their guarantors' Social Security numbers. CHI denies the remainder of the allegations of this paragraph.

14. Answering paragraph 14, CHI lacks knowledge or information sufficient to admit or deny the allegations, and therefore denies the allegations.

15. Answering paragraph 15, CHI admits it sent notices to potentially affected individuals on or about October 6, 2023. CHI denies the remaining allegations of this paragraph.

16. Answering paragraph 16, CHI denies the allegations of this paragraph.

17. Answering paragraph 17, CHI lacks knowledge or information sufficient to admit or deny the allegations, and therefore denies the allegations.

18. Answering paragraph 18, CHI denies the allegations of this paragraph.

19. Answering paragraph 19, CHI denies the allegations of this paragraph.

20. Answering paragraph 20, CHI denies the allegations of this paragraph.

21. Answering paragraph 21, CHI denies the allegations of this paragraph.

22. Answering paragraph 22, CHI lacks knowledge or information sufficient to admit or deny the allegations, and therefore denies the allegations.

23. Answering paragraph 23, this paragraph states a legal conclusion for which no response is required. To the extent that a response is required, CHI denies the allegations of this paragraph.

24. Answering paragraph 24, this paragraph states a legal conclusion for which no response is required. To the extent that a response is required, CHI denies the allegations of this paragraph.

25. Answering paragraph 25, CHI denies the allegations of this paragraph.

26. Answering paragraph 26, CHI denies the allegations of this paragraph.

27. Answering paragraph 27, this paragraph states a legal conclusion for which no response is required. To the extent that a response is required, CHI denies the allegations of this paragraph.

28. Answering paragraph 28, CHI lacks knowledge or information sufficient to admit or deny the allegations, and therefore denies the allegations.

29. Answering paragraph, 29, CHI admits that the CAC seeks remedies.

30. Answering paragraph, 30, CHI admits that the CAC seeks injunctive and equitable relief.

## PARTIES

### *Plaintiff Stephen Cahill*

31. Answering paragraph 32, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them, except to state that an individual by the name of Stephen Cahill is a patient of CHI.

32. Answering paragraph 32, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them, except to state that CHI sent a notice of data breach to a potentially affected individual by the name of Stephen Cahill.

33. Answering paragraph 33, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

34. Answering paragraph 34, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

35. Answering paragraph 35, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

36. Answering paragraph 36, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

37. Answering paragraph 37, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

***Plaintiff Sheila Edwards***

38. Answering paragraph 38, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them, except to state that an individual by the name of Sheila Edwards is a current/former patient of CHI.

39. Answering paragraph 39, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them, except to state that CHI sent a notice of data breach to a potentially affected individual by the name of Sheila Edwards.

40. Answering paragraph 40, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

41. Answering paragraph 41, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

42. Answering paragraph 42, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

43. Answering paragraph 43, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

44.     Answering paragraph 44, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

***Plaintiff Sidney Jackson***

45.     Answering paragraph 45, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them, except to state that an individual by the name of Sidney Jackson is a current/former patient of CHI.

46.     Answering paragraph 46, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them, except to state that CHI sent a notice of data breach to a potentially affected individual by the name of Sidney Jackson.

47.     Answering paragraph 47, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

48.     Answering paragraph 48, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

49.     Answering paragraph 49, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

50.     Answering paragraph 50, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

51.     Answering paragraph 51, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

***Plaintiff Christopher Cordes***

52. Answering paragraph 52, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them, except to state that an individual by the name of Christopher Cordes is a former patient of CHI.

53. Answering paragraph 53, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them, except to state that CHI sent a notice of data breach to a potentially affected individual by the name of Christopher Cordes.

54. Answering paragraph 54, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

55. Answering paragraph 55, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

56. Answering paragraph 56, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

57. Answering paragraph 57, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

***Plaintiff Giselle Reed Allen***

58. Answering paragraph 58, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

59. Answering paragraph 59, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them, except to state that CHI sent a notice of data breach to a potentially affected individual by the name of Giselle Reed Allen.

60. Answering paragraph 60, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

61. Answering paragraph 61, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

62. Answering paragraph 62, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

63. Answering paragraph 63, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

***Plaintiff Jeff Bryden***

64. Answering paragraph 64, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them, except to state that an individual by the name of Jeff Bryden is a patient of CHI.

65. Answering paragraph 65, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them, except to state that CHI sent a notice of data breach to a potentially affected individual by the name of Jeff Bryden.

66. Answering paragraph 66, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

67. Answering paragraph 67, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

68. Answering paragraph 68, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

69. Answering paragraph 69, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

***Plaintiff Elyn Painter***

70. Answering paragraph 70, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them, except to state that an individual by the name of Elyn Painter is a patient of CHI.

71. Answering paragraph 71, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them, except to state that CHI sent a notice of data breach to a potentially affected individual by the name of Elyn Painter.

72. Answering paragraph 72, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

73. Answering paragraph 73, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

74. Answering paragraph 74, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

75. Answering paragraph 75, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

76. Answering paragraph 76, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

77. Answering paragraph 77, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

***Defendant Memorial Health Institute, LLC d/b/a The Chattanooga Heart Institute***

78. Answering paragraph 78, CHI admits to the contents of this paragraph.

## JURISDICTION AND VENUE

79. Answering paragraph 79, CHI states that this paragraph sets forth jurisdictional allegations that are legal conclusions for which no answer is required. To the extent that an answer is required, CHI states that it is headquartered in Chattanooga, Tennessee.

80. Answering paragraph 80, CHI states that this paragraph sets forth jurisdictional allegations that are legal conclusions for which no answer is required.

81. Answering paragraph 81, this paragraph states a legal conclusion for which no response is required.

## FACTUAL ALLEGATIONS

82. Answering paragraph 82, CHI admits to the allegations in this paragraph to the extent it references information contained in the weblink provided at CAC, fn. 2.

83. Answering paragraph 83, CHI admits to the allegations in this paragraph to the extent it references information contained in the weblink provided at CAC, fn. 2.

84. Answering paragraph 84, CHI admits to the allegations that it collects, stores, and maintains patient data. CHI denies the remaining allegations of this paragraph.

85. Answering paragraph 85, CHI admits to the allegations in this paragraph.

86. Answering paragraph 86, CHI admits to the allegation that it provides a copy of its privacy practices to patients prior to receiving treatment and upon request. CHI denies the remaining allegations of this paragraph.

87. Answering paragraph 87, this paragraph states a legal conclusion for which no response is required.

88. Answering paragraph 88, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

89. Answering paragraph 89, CHI to the extent that it states a legal conclusion for which no response is required. To the extent that a responses is required, CHI denies the allegations of this paragraph.

## THE CYBERATTACK AND RESULTING DATA BREACH

90. Answering paragraph 90, CHI admits that on April 17, 2023, it identified indications of a cybersecurity attack on its network.

91. Answering paragraph 91, CHI admits that on May 31, 2023, it learned an unauthorized individual obtained files from its network. CHI denies the remaining allegations of this paragraph.

92. Answering paragraph 92, CHI admits it sent notices to 170,450 potentially affected individuals on or about July 28, 2023. CHI denies the remaining allegations in this paragraph.

93. Answering paragraph 93, CHI admits the allegations of this paragraph.

94. Answering paragraph 94, CHI denies the allegations of this paragraph.

95. Answering paragraph 95, CHI denies the allegations of this paragraph.

96. Answering paragraph 96, CHI states that an unauthorized third party may have accessed or acquired some information related to patients or their guarantors. The information in the files may have included name, mailing address, email address, phone number, date of birth, driver's license number, Social Security number, account information, health insurance information, diagnosis/condition information, lab results, medications and other clinical, demographic or financial information. CHI denies the remaining allegations of this paragraph.

97. Answering paragraph 97, CHI denies the allegations of this paragraph, except to state that an unauthorized third party may have accessed or acquired some information related to patients or their guarantors. The information in the files may have included name, mailing address, email address, phone number, date of birth, driver's license number, Social Security number, account information, health insurance information, diagnosis/condition information, lab results, medications and other clinical, demographic or financial information. CHI denies the remaining allegations of this paragraph.

98. Answering paragraph 98, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

99. Answering paragraph 99, CHI denies the allegations of this paragraph.

100. Answering paragraph 100, CHI denies the allegations of this paragraph.

101. Answering paragraph 101, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

102. Answering paragraph 102, CHI states that this paragraph sets forth legal conclusions for which no answer is required. To the extent that an answer is required, CHI denies the allegations of this paragraph.

103. Answering paragraph 103, CHI denies the allegations of this paragraph.

104. Answering paragraph 104, CHI denies the allegations of this paragraph.

## THE DATA BREACH WAS FORESEEABLE

105. Answering paragraph 105, CHI denies the allegations of this paragraph.

106. Answering paragraph 106, this allegation is not directed at CHI, therefore, no response to paragraph 106 is required.

107. Answering paragraph 107, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

108. Answering paragraph 108, this allegation is not directed at CHI; therefore, no response to paragraph 108 is required.

109. Answering paragraph 109, to the extent the allegation is not directed at CHI, no response is required.

110. Answering paragraph 110, CHI denies the allegations of this paragraph.

111. Answering paragraph 111, these allegations are not directed at CHI; therefore, no response is required.

112. Answering paragraph 112, these allegations are not directed at CHI; therefore, no response is required.

## DEFENDANT FAILED TO PROPERLY PROTECT PLAINTIFFS' AND CLASS MEMBERS' PRIVATE INFORMATION

113. Answering paragraph 113, CHI denies the allegations of this paragraph.

114. Answering paragraph 114, these allegations are not directed at CHI; therefore, no response is required.

115. Answering paragraph 115, these allegations are not directed at CHI; therefore, no response is required.

116. Answering paragraph 116, these allegations are not directed at CHI; therefore, no response is required.

117. Answering paragraph 117, CHI denies the allegations of this paragraph.

118. Answering paragraph 118 CHI denies the allegations of this paragraph.

119. Answering paragraph 119, this paragraph sets forth a legal conclusion for which no answer is required.

120. Answering paragraph 120, to the extent this paragraph restates the definition of a "breach" as defined by 45 C.F.R. § 164.402, the allegations are not directed at CHI and require no response.

121. Answering paragraph 121, to the extent this paragraph restates the definition of a "Security Incident" as defined by 45 C.F.R. § 164.304 or quotes the text of a fact sheet published by the United States Department of Health and Human Services, the allegations are not directed at CHI and require no response.

122. Answering paragraph 122, CHI denies the allegations in this paragraph.

## DEFENDANT FAILED TO COMPLY WITH INDUSTRY STANDARDS

123. Answering paragraph 123, CHI denies the allegations in this paragraph.

124. Answering paragraph 124, these allegations are not directed at CHI; therefore, no response is required.

125. Answering paragraph 125, CHI denies the allegations in this paragraph.

126. Answering paragraph 126, CHI denies allegations of this paragraph.

127. Answering paragraph 127, CHI denies the allegations of this paragraph.

128. Answering paragraph 128, these allegations are not directed at CHI; therefore, no response is required.

129. Answering paragraph 129, these allegations are not directed at CHI; therefore, no response is required.

130. Answering paragraph 130, these allegations are not directed at CHI; therefore, no response is required.

131. Answering paragraph 131, CHI denies the allegations of this paragraph.

132. Answering paragraph 132, CHI denies the allegations of this paragraph.

133. Answering paragraph 133, CHI denies the allegations of this paragraph.

**<u>DEFENDANT'S BREACH OF ITS OBLIGATIONS TO THE CLASS</u>**

134. Answering paragraph 134, CHI denies the allegations of this paragraph and all accompanying subparts.

135. Answering paragraph 135, CHI denies the allegations of this paragraph.

136. Answering paragraph 136, CHI denies the allegations of this paragraph.

**<u>CYBERATTACKS AND DATA BREACHES CAUSE DISRUPTION AND PUT INDIVIDUALS AT AN INCREASED RISK OF FRAUD AND IDENTITY THEFT</u>**

137. Answering paragraph 137, these allegations are not directed at CHI, therefore, no response is required. To the extent that a response is required, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

138. Answering paragraph 138, these allegations are not directed at CHI; therefore, no response is required. To the extent that a response is required, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

139. Answering paragraph 139, these allegations are not directed at CHI; therefore, no response is required. To the extent that a response is required, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

140. Answering paragraph 140, these allegations are not directed at CHI; therefore, no response is required. To the extent that a response is required, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

141. Answering paragraph 141, these allegations are not directed at CHI; therefore, no response is required. To the extent that a response is required, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

142.     Answering paragraph 142, these allegations are not directed at CHI; therefore, no response is required. To the extent that a response is required, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

143.     Answering paragraph 143, these allegations are not directed at CHI; therefore, no response is required. To the extent that a response is required, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

144.     Answering paragraph 144, these allegations are not directed at CHI; therefore, no response is required. To the extent that a response is required, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

145.     Answering paragraph 145, these allegations are not directed at CHI; therefore, no response is required. To the extent that a response is required, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

146.     Answering paragraph 146, these allegations are not directed at CHI; therefore, no response is required. To the extent that a response is required, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

147.     Answering paragraph 147, these allegations are not directed at CHI; therefore, no response is required. To the extent that a response is required, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

148.     Answering paragraph 148, these allegations are not directed at CHI; therefore, no response is required. To the extent that a response is required, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

149. Answering paragraph 149, these allegations are not directed at CHI; therefore, no response is required. To the extent that a response is required, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

150. Answering paragraph 150, these allegations are not directed at CHI; therefore, no response is required. To the extent that a response is required, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

151. Answering paragraph 151, these allegations are not directed at CHI; therefore, no response is required. To the extent that a response is required, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

152. Answering paragraph 152, these allegations are not directed at CHI; therefore, no response is required. To the extent that a response is required, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

153. Answering paragraph 153, these allegations are not directed at CHI; therefore, no response is required. To the extent that a response is required, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

154. Answering paragraph 154, these allegations are not directed at CHI; therefore, no response is required. To the extent that a response is required, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

155. Answering paragraph 155 these allegations are not directed at CHI; therefore, no response is required. To the extent that a response is required, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

156. Answering paragraph 156, these allegations are not directed at CHI; therefore, no response is required. To the extent that a response is required, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

157. Answering paragraph 157, these allegations are not directed at CHI; therefore, no response is required. To the extent that a response is required, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

158. Answering paragraph 158, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

159. Answering paragraph 159, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

160. Answering paragraph 160, CHI denies the allegations of this paragraph.

161. Answering paragraph 161, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

### PLAINTIFFS' AND CLASS MEMBERS' HARMS AND DAMAGES

162. Answering paragraph 162, CHI denies the allegations of this paragraph.

163. Answering paragraph 163, CHI denies the allegations of this paragraph.

164. Answering paragraph 164, CHI denies the allegations of this paragraph.

165. Answering paragraph 165, CHI denies the allegations of this paragraph.

166. Answering paragraph 166, CHI denies the allegations of this paragraph.

167. Answering paragraph 167, CHI denies the allegations of this paragraph.

168. Answering paragraph 168, CHI denies the allegations of this paragraph.

169. Answering paragraph 169, these allegations are not directed at CHI; therefore, no response is required. To the extent a response is required, CHI denies the allegations in this paragraph.

170. Answering paragraph 170, CHI denies the allegations of this paragraph.

171. Answering paragraph 171, CHI denies the allegations of this paragraph.

172. Answering paragraph 172, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

173. Answering paragraph 173, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and its accompanying subparts and on that basis denies them.

174. Answering paragraph 174, CHI admits that, on April 17, 2023, it became aware of technical issues related to systems in the CHI network. CHI admits an unauthorized third party gained access to its network between March 8, 2023, and March 16, 2023. CHI denies the remaining allegations of this paragraph.

175. Answering paragraph 175, to the extent this paragraph states the alleged delay violated an unspecified section of HIPAA and unspecified other notification requirements, this paragraph alleges a legal conclusion for which no response is required. To the extent a response is required, CHI denies those allegations. CHI denies the remaining allegations of this paragraph.

176. Answering paragraph 176, CHI states that these allegations relate to Plaintiffs' claim for declaratory relief which was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

177. Answering paragraph 178, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

178. Answering paragraph 178, to the extent this paragraph alleges CHI's action or inaction was the proximate cause of any alleged harm or increased risk of future harm, this paragraph alleges a legal conclusion for which no response is required. To the extent a response is required, CHI denies those allegations. CHI denies the remaining allegations of this paragraph.

<u>**CLASS REPRESENTATION ALLEGATIONS**</u>

179. Answering paragraph 179, CHI admits that Plaintiffs purport to have brought this action against CHI pursuant to Rule 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure.

180. Answering paragraph 180, admits that Plaintiffs purport to seek a class of persons as set forth therein.

181. Answering paragraph 181, CHI admits that Plaintiffs seek to exclude from the proposed class those individuals and entities set forth therein.

182. Answering paragraph 182, this paragraph alleges a legal conclusion for which no response is required. To the extent a response is required, CHI denies the allegations in this paragraph.

183. Answering paragraph 183, this paragraph and its accompanying subparts allege legal conclusion for which no response is required. To the extent a response is required, CHI denies the allegations in this paragraph.

184. Answering paragraph 184, this paragraph alleges a legal conclusion for which no response is required. To the extent a response is required, CHI denies the allegations in this paragraph.

185. Answering paragraph 185, this paragraph alleges a legal conclusion for which no response is required. To the extent a response is required, CHI denies the allegations in this paragraph.

186. Answering paragraph 186, this paragraph alleges a legal conclusion for which no response is required. To the extent a response is required, CHI denies the allegations in this paragraph.

187. Answering paragraph 187, this paragraph alleges a legal conclusion for which no response is required. To the extent a response is required, CHI denies the allegations in this paragraph.

188. Answering paragraph 188, this paragraph alleges a legal conclusion for which no response is required. To the extent a response is required, CHI denies the allegations in this paragraph.

189. Answering paragraph 189, CHI denies the allegations of this paragraph.

190. Answering paragraph 190, this paragraph alleges a legal conclusion for which no response is required. To the extent a response is required, CHI denies the allegations in this paragraph.

191. Answering paragraph 191, this paragraph alleges a legal conclusion for which no response is required. To the extent a response is required, CHI denies the allegations in this paragraph.

192. Answering paragraph 192, CHI states that these allegations relate to Plaintiffs' claim for declaratory relief which was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

21

193. Answering paragraph 193, CHI states that these allegations relate to Plaintiffs' claim for declaratory relief which was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

194. Answering paragraph 194, this paragraph and its accompanying subparts allege legal conclusion for which no response is required. To the extent a response is required, CHI denies the allegations in this paragraph.

195. Answering paragraph 195, this paragraph alleges a legal conclusion for which no response is required. To the extent a response is required, CHI denies the allegations in this paragraph.

196. Answering paragraph 196, this paragraph alleges a legal conclusion for which no response is required. To the extent a response is required, CHI denies the allegations in this paragraph.

## CAUSES OF ACTION

### FIRST COUNT
**Negligence**
**(On Behalf of Plaintiffs and the Nationwide Class)**

197. Answering paragraph 197, CHI realleges its answers to all previous paragraphs as if fully set forth herein.

198. Answering paragraph 198, this paragraph alleges a legal conclusion for which no response is required. To the extent a response is required, CHI denies the allegations in this paragraph.

199. Answering paragraph 199, CHI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

200. Answering paragraph 200, CHI denies the allegations of this paragraph.

201. Answering paragraph 201, CHI denies the allegations of this paragraph.

202. Answering paragraph 202, CHI denies the allegations of this paragraph.

203. Answering paragraph 203, CHI denies the allegations of this paragraph.

204. Answering paragraph 204, CHI denies the allegations of this paragraph.

205. Answering paragraph 205, CHI denies the allegations of this paragraph.

206. Answering paragraph 206, CHI denies the allegations of this paragraph.

207. Answering paragraph 207, CHI denies the allegations of this paragraph.

208. Answering paragraph 208, CHI denies the allegations of this paragraph.

209. Answering paragraph 209, CHI denies the allegations of this paragraph.

210. Answering paragraph 210, CHI denies the allegations of this paragraph and its accompanying subparts.

211. Answering paragraph 211, CHI denies the allegations of this paragraph.

212. Answering paragraph 212, CHI denies the allegations of this paragraph.

213. Answering paragraph 213, CHI denies the allegations of this paragraph.

214. Answering paragraph 214, CHI denies the allegations of this paragraph.

215. Answering paragraph 215, CHI denies the allegations of this paragraph.

216. Answering paragraph 216, CHI denies the allegations of this paragraph.

217. Answering paragraph 217, CHI denies the allegations of this paragraph.

218. Answering paragraph 218, CHI denies the allegations of this paragraph.

219. Answering paragraph 219, CHI denies the allegations of this paragraph.

220. Answering paragraph 220, CHI denies the allegations of this paragraph and denies Plaintiffs and Class Members are entitled to any relief.

221.     Paragraph 221 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

222.     Paragraph 222 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

223.     Paragraph 223 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

224.     Paragraph 224 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

225.     Paragraph 225 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

226.     Paragraph 226 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

227.     Paragraph 227 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

228.     Paragraph 228 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

229.     Paragraph 229 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

230.     Paragraph 230 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

231. Paragraph 231 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

232. Paragraph 232 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

233. Paragraph 233 was dismissed with prejudice by the Court (ECF No. 41) and therefore no response is required.

234. Paragraph 234 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

235. Paragraph 235 was dismissed with prejudice by the Court (ECF No. 41) and therefore no response is required.

236. Paragraph 236 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

## THIRD COUNT
### Breach of Implied Contract
### (On Behalf of Plaintiffs and the Nationwide Class)

237. Answering paragraph 237, CHI realleges its answers to all previous paragraphs as if fully set forth herein.

238. Answering paragraph 238, CHI denies the allegations of this paragraph.

239. Answering paragraph 239, CHI denies the allegations of this paragraph.

240. Answering paragraph 240, CHI denies the allegations of this paragraph and its accompanying subparts.

241. Answering paragraph 241, CHI denies the allegations of this paragraph.

242. Answering paragraph 242, CHI denies the allegations of this paragraph.

243. Answering paragraph 243, CHI denies the allegations of this paragraph.

244.     Answering paragraph 244, CHI denies the allegations of this paragraph.

245.     Answering paragraph 245, CHI denies the allegations of this paragraph.

**FOURTH COUNT**
**Unjust Enrichment**
**(On Behalf of Plaintiffs and the Nationwide Class)**

246.     Paragraph 246 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

247.     Paragraph 247 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

248.     Paragraph 248 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

249.     Paragraph 249 was dismissed with prejudice by the Court (ECF No. 41) and therefore no response is required.

250.     Paragraph 250 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

251.     Paragraph 251 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

252.     Paragraph 252 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

253.     Paragraph 253 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

254.     Paragraph 254 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

255.     Paragraph 255 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

256.     Paragraph 256 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

257.     Paragraph 257 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

258.     Paragraph 258 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

### <u>FIFTH COUNT</u>
**Bailment**
**(on Behalf of Plaintiffs and Nationwide Class)**

259.     Paragraph 259 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

260.     Paragraph 260 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

261.     Paragraph 261 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

262.     Paragraph 262 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

263.     Paragraph 263 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

264.     Paragraph 264 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

265.     Paragraph 265 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

266.     Paragraph 266 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

267.     Paragraph 267 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

268.     Paragraph 268 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

269.     Paragraph 269 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

270.     Paragraph 270 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

## <u>SIXTH COUNT</u>
**Breach of Fiduciary Duty**
**(On Behalf of Plaintiffs and the Nationwide Class)**

271.     Paragraph 271 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

272.     Paragraph 272 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

273.     Paragraph 273 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

274.     Paragraph 274 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

275. Paragraph 275 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

276. Paragraph 276 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

277. Paragraph 277 was dismissed with prejudice by the Court (ECF No. 41) and therefore no response is required.

278. Paragraph 278 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

279. Paragraph 279 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

### <u>SEVENTH COUNT</u>
### Invasion of Privacy
### (On Behalf of Plaintiffs and the Nationwide Class)

280. Paragraph 280 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

281. Paragraph 281 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

282. Paragraph 282 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

283. Paragraph 283 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

284. Paragraph 284 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

285.     Paragraph 285 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

286.     Paragraph 286 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

287.     Paragraph 287 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

288.     Paragraph 288 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

### EIGHTH COUNT
**Declaratory and Injunctive Relief**
**(On Behalf of Plaintiffs and the Nationwide Class)**

289.     Paragraph 289 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

290.     Paragraph 290 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

291.     Paragraph 291 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

292.     Paragraph 292 was dismissed with prejudice by the Court (ECF No. 41) and therefore no response is required.

293.     Paragraph 293 was dismissed with prejudice by the Court (ECF No. 41) and therefore no response is required.

294.     Paragraph 294 was dismissed with prejudice by the Court (ECF No. 41) and therefore no response is required.

295. Paragraph 295 was dismissed with prejudice by the Court (ECF No. 41) and therefore no response is required.

296. Paragraph 296 was dismissed with prejudice by the Court (ECF No. 41), and, therefore, no response is required.

## PRAYER FOR RELIEF

Answering Plaintiffs and Class Members' Prayer for Relief and all subparts, CHI denies that Plaintiffs' and Class Members are entitled to any relief herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. Neither the CAC nor any purported claim for relief alleged therein state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (No Standing)

2. Plaintiffs and Class Members did not suffer a concrete injury traceable to CHI's conduct.

### THIRD AFFIRMATIVE DEFENSE
### (No Actual Injury)

3. Plaintiffs and Class Members did not suffer any actual injury and therefore cannot recover damages.

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

4. Plaintiffs and Class Members may be barred, in whole or in part, from recovery because of statements or actions taken that estop the assertion of these claim.

## FIFTH AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

5. Plaintiffs and Class Members are barred in whole or in part as a result of the failure to mitigate damages, if any, and any recovery should be reduced in proportion to that failure to mitigate such damages.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

6. Plaintiffs and Class Members' claims are barred, in whole or in part, to the extent discovery reveals that the doctrines of unclean hands, inequitable conduct, or both, apply.

## SEVENTH AFFIRMATIVE DEFENSE
### (Unknown Defenses)

7. CHI presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defences that govern the claims asserted by Plaintiffs and Class Members. CHI reserves the right to assert additional affirmative defences as appropriate.

## DEMAND FOR JURTY TRIAL

CHI hereby demands trial by jury to the extent authorized by law.

Dated: November 6, 2024.     Respectfully Submitted,

**KENNEDYS CMK LLP**

By: /s/ Daniel S. Marvin
Daniel S. Marvin (admitted *pro hac vice*)
570 Lexington Avenue, 8th Floor
New York, NY 10022
Telephone: (646) 625-4030
Facsimile: (212) 832-4920
Daniel.Marvin@kennedyslaw.com

Joshua A. Mooney (admitted *pro hac vice*)
1600 Market Street, Suite 1410
Philadelphia, PA 19103
Telephone: (267) 479-6706

32

Facsimile:  (215) 665-8475
Joshua.Mooney@kennedyslaw.com

**SPEARS, MOORE, REBMAN & WILLIAMS, P.C.**

By: /s/ Joseph Alan Jackson II
Joseph Alan Jackson II, BPR No. 030203
Cara E. Weiner, BPR No. 031872
William J. Rieder, BPR No. 026551
601 Market Street, Suite 400
Chattanooga, Tennessee 37401-1749
Telephone:  (423) 756-7000
Facsimile:  (423) 756-4801
jaj@smrw.com
wjr@smrw.com
cew@smrw.com

*Counsel for Memorial Heart Institute, LLC,
d/b/a The Chattanooga Heart Institute*

33

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of November 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

By: /s/ Joseph Alan Jackson II